26 F.3d 134
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeronimo Meliton MADRIGAL-MACEDA, Defendant-Appellant.
 No. 93-50802.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1994.*
Decided June 14, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jeronimo Meliton Madrigal-Maceda appeals his 136-month sentence imposed after a jury found him guilty of kidnapping in violation of 18 U.S.C. Sec. 1201(a)(1). Madrigal-Maceda contends the district court erred by increasing his offense level by six levels pursuant to U.S.S.G. Sec. 2A4.1(b)(1) for making a ransom demand because the ransom was not his motive for the kidnapping. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 First, we address the government's contention that Madrigal-Maceda failed to preserve his claim for appeal because he did not present this argument to the district court. The record does not support this assertion. Madrigal-Maceda argued in the district court that the enhancement should not be imposed, among other reasons, because ransom was not his motive for kidnapping his ex-girlfriend's four-year-old nephew. Accordingly, he preserved this issue for appeal.
 
 
 4
 We review de novo the district court's application of the Guidelines. United States v. Anderson, 942 F.2d 606, 609 (9th Cir.1991) (en banc). The guideline setting forth the penalty for kidnapping provides: "If a ransom demand or a demand upon the government was made, increase [the offense level] by 6 levels." U.S.S.G. Sec. 2A4.1(b)(1).
 
 
 5
 Madrigal-Maceda's argument that section 2A4.1(b)(1) should not be construed literally in light of the background commentary is meritless.[1] A guideline and its commentary should be construed, if possible, as consistent with each other, and with the other guidelines in the same part; if they are in conflict, the court should follow the guideline. Anderson, 942 F.2d at 612-14; see also Stinson v. United States, 113 S.Ct. 1913, 1918 (1993).
 
 
 6
 Section 2A4.1(b)(1) clearly and unequivocally directs the sentencing court to impose a six-level increase if a ransom demand was made. The background note, by stating that the offense level is increased where the kidnapping is for ransom, does not make the adjustment dependant on the defendant's motive. If it did, it would be inconsistent with the rest of section 2A4.1(b), which directs the sentencing court to increase the offense level for specific offense characteristics based solely on the defendant's conduct and its impact on the victim. See, e.g., U.S.S.G. Sec. 2A4.1(b)(2) (injury to victim); (b)(5) (sexual exploitation of victim); (b)(7) (placing minor in care of person without custody). Accordingly, the court did not err by imposing an upward adjustment based on its finding that Madrigal-Maceda made a ransom demand. See U.S.S.G. Sec. 2A4.1(b)(1); Anderson, 942 F.2d at 613-14.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The commentary to section 4A1.2 states in relevant part:
 Federal kidnapping cases generally encompass three categories of conduct: limited duration kidnapping where the victim is released unharmed; kidnapping that occurs ... to facilitate the commission of another offense ...; and kidnapping for ransom or political demand.
 ....
 An enhancement is provided when the offense is committed for ransom or to facilitate the commission of another offense....
 U.S.S.G. Sec. 2A4.1, comment. (backg'd).